IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr209

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| MICHELLE WILSON (3) ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant to reinstate her bond pending sentencing. (Doc. No. 63).

The defendant pled guilty to Count Three of the indictment on June 10, 2008, charging a violation of 18 U.S.C. § 924(c). (Doc. No. 59: Plea Agreement; Doc. No. 62: Acceptance and Entry of Guilty Plea). Thus, the defendant has been found guilty and is awaiting imposition of sentence for an offense described in subparagraphs (A) and (B) of subsection (f)(1) of 18 U.S.C. § 3142. United States v. Myers, 280 F.3d 407, 416-17 (4th Cir. 2002) (§ 924(c) violation is itself a crime of violence); United States v. Harrison, 272 F.3d 220, 226 (4th Cir. 2001) (maximum punishment for § 924(c) violation is life imprisonment). Pursuant to § 3143(a)(2), the defendant shall be detained unless the Court finds a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed; and the Court finds by clear and convincing evidence the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(A)(i), (ii) and (B).

Upon review of the record, even in a light most favorable to the defendant, the Court finds the defendant has not alleged or established that there is a substantial likelihood that motion for

acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed. Thus, the Court is obligated by the statute to detain the defendant because the prerequisites for release have not been met. Id.

The defendant relies on 18 U.S.C. § 3145(c) for the proposition that a district court has authority to allow a defendant be released based on exceptional circumstances pending sentencing. (Doc. No. 63: Motion at ¶ 8). The Court has previously ruled that a district court lacks that authority, and the cases cited by the defendant do not persuade the Court to rule differently here. See United States v. Khoa Nguyen, Case No. 3:06cr55; aff'd Case No. 06–4627 (4th Cir. July 21, 2006).

**IT IS, THEREFORE, ORDERED** that the defendant's motion to reinstate bond is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

Signed: June 24, 2008

Robert J. Conrad, Jr.
Chief United States District Judge